IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Quality Time, Inc.,

        Plaintiff,

        vs.                            Case No. 12-1008-JTM

West Bend Mutual Insurance Company,

        Defendant.

MEMORANDUM AND ORDER

        This is an action by plaintiff Quality Time, Inc. to obtain recovery under an insurance policy issued by defendant West Bend Mutual Insurance Company. West Bend removed the action to this court on January 5, 2012. The matter is before the court on the motion of West Bend to overrule the objection lodged by plaintiff to the court's subject matter jurisdiction. This objection, advanced in a pleading following the removal entitled Plaintiff's Reply, states that the court is without subject matter jurisdiction in light of 28 U.S.C. § 1332(c), and because West Bend was owned by its policy holders, which include residents of Kansas.

        Quality Time argues in its motion that the rule in § 1332(c), which provides that an insurer is deemed to have the same citizenship as its policy holder, applies in the event of direct actions against the insurer by a third party; it has no application to first party claims under an insurance policy. *See Tuck v. United States Automobile Ass'n*, 859 F.2d 842, 847 (10th Cir. 1988). Further, it

argues there is no authority for deeming the citizenship of an insurance company to be linked with its policyholders, and in any event, it is actually a corporation organized under the laws of Wisconsin.

Quality Time urges the court not to strike its Reply, stating that he "mentioned subject matter jurisdiction due to the wording of Section 1332c," and because West Bend failed to allege in the removal notice and answer "that it was 'incorporated,'" and that "[w]e would not be having this discussion" if it had done so. (Dkt. 10, ¶ 2, 4). That is, Quality Time simply rationalizes its original objection, without attempting to defend the present validity of the contention that the court lacks subject matter jurisdiction.

The court finds that it possesses subject matter jurisdiction to hear the action and overrules the objection advanced in Plaintiff's Reply to Removal. The Reply to Removal is not a pleading otherwise required, suggested, or contemplated by the Federal Rules of Civil Procedure, and the defendant's Motion to Strike the Reply (Dkt. 9) is hereby granted.

IT IS SO ORDERED this 12th day of March, 2012.

         s/ J. Thomas Marten
         J. THOMAS MARTEN, JUDGE