## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| QUALITY TIME, INC., | ) |
|               Plaintiff, | ) |
| | ) |
| v. | )   Case No. 12-1008-JTM-GLR |
| | ) |
| WEST BEND MUTUAL | ) |
| INSURANCE COMPANY, | ) |
|               Defendant. | ) |

### MEMORANDUM AND ORDER

The Court has before it a Motion for Leave to Amend to Assert Claim for Reformation and Substitute Party (ECF No. 30). Plaintiff thereby seeks leave to add a claim for reformation of the insurance policy at issue by substituting Tambra Geldenhuys as the named insured and joining her as a named plaintiff. Defendant opposes the proposed amendment solely on grounds of futility. For the following reasons the Court grants the motion in part and denies it in part.

**I.      Procedural History**

Plaintiff commenced this action in state court to recover benefits under a policy of insurance (No. NS5-1384393-00) issued by Defendant against the collapse of a bowling alley in Independence, Kansas.[1] Defendant removed the case to this court.[2] It filed its Answer on January 11, 2012, and denies that the policy covers the collapse.[3]

By order dated March 28, 2012, the Court set a deadline of April 16, 2012 to join additional parties or otherwise amending the pleadings.[4] It also set a deadline of October 2, 2012 for dispositive motions.[5] On May 4, 2012, Plaintiff filed the instant motion to amend. Defendant opposes the motion. The motion is fully briefed and ready for ruling.

---

[1] *See* Pet. Pursuant to Chap. 60 (ECF No. 1-1) (hereinafter Compl.)

[2] *See* Notice of Removal (ECF No. 1).

[3] *See* Answer (ECF No. 7).

[4] *See* Scheduling Order (ECF No. 21).

[5] *See id.*

**II.     Legal Standard Applicable to Motion for Leave to Amend**

Parties may amend pleadings "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[6]  Other amendments before trial are allowed "only with the opposing party's written consent or the court's leave."[7]  Courts "should freely give leave when justice so requires."[8]  Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[9]

Courts may deny leave to amend, however, based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[10]  "Absent flagrant abuse, bad faith, futility of amendment, or truly inordinate and unexplained delay, prejudice to the opposing party is the key factor in deciding a motion to amend."[11]  In fact, the prejudice factor is the "most important" consideration in the decision.[12]  Typically, courts "find prejudice only when the amendment unfairly affects" a party's ability to prosecute or defend the lawsuit.[13]  This most often occurs when the amendment "raise[s] significant new factual issues" or arises from a different

---

[6] Fed. R. Civ. P. 15(a)(1).

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[9] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[10] *Id.* (quoting *Foman,* 371 U.S. at 182).

[11] *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 453 F. Supp. 2d 1295, 1307 (D. Kan. 2006).

[12] *Minter*, 451 F.3d at 1207.

[13] *Id.* at 1208.

theory or subject matter than previously asserted.[14] To justify denying leave to amend, the proposed amendment must "work an injustice" to an opposing party.[15] The party opposing the amendment has the burden to show a basis for denial.[16]

Whether to allow a proposed amendment, after the permissive period, addresses the sound discretion of the court.[17] "In exercising its discretion, the court must be mindful that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."[18]

**III.   Analysis**

Defendant opposes the proposed amendment solely on grounds of futility.[19] In such circumstances, the Court may properly exercise its discretion to allow the amendment when the party opposing it will have an opportunity to challenge the sufficiency of newly added claims through a motion to dismiss.[20] Upon the filing of the amended complaint, Defendant would have an opportunity under Fed.

---

[14]*Id.*; *accord Acker v. Burlington N. & Santa Fe R. Co.,* 215 F.R.D. 645, 654 (D. Kan. 2003) (stating that prejudice means undue difficulty in prosecuting or defending a lawsuit due to "a change of tactics or theories on the part of the other party") (quoting *Heslop v. UCB, Inc.*, 175 F. Supp. 2d 1310, 1313 (D. Kan. 2001)).

[15]*United States v. Sturdevant*, No. 07-2233-KHV-DJW, 2008 WL 4198598, at *3 (D. Kan. Sept. 11, 2008) (quoting *Koch v. Koch Indus.*, 127 F.R.D. 206, 209-10 (D. Kan. 1989)).

[16]*See, e.g.*, *Acker,* 215 F.R.D. at 654 (prejudice); *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, Civ. A. No. 09-2616-KHV-DJW, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010) (futility).

[17]*See Foman,* 371 U.S. at 182; *Wilkerson v. Shinseki*, 606 F.3d 1256, 1268 (10th Cir. 2010); *Minter*, 451 F.3d at 1204.

[18]*Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[19]Defendant specifically states that it does not oppose the proposed amendment on grounds of untimeliness. It does not suggest that Plaintiff has engaged in flagrant abuse or bad faith by seeking to add the new claim. It does not contend that there has been any inordinate or unexplained delay. Nor does it argue that it would be prejudiced by the proposed amendment. Under the facts before it, the Court indeed sees no legitimate basis for opposing the proposed amendment on any of these bases. Defendant has until October 2, 2012, to file a dispositive motion. At this early stage of the litigation, that deadline eliminates any potential prejudice to Defendant from the filing of the proposed amendment.

[20]*See Tommey v. Computer Sciences Corp.*, No. 11-2214-EFM, 2012 WL 646022, at *2 (D. Kan. Feb. 28, 2012).

R. Civ. P. 12(b) to seek dismissal of any claims alleged to be futile. Allowing the filing of an amended complaint in these circumstances comports with the liberal amendment policy of Fed. R. Civ. P. 15(a) without creating prejudice against the opposing party. At this early stage of the litigation the Court believes the better course is to allow the amended complaint and address the legal sufficiency of the allegedly futile claim for reformation on a properly filed motion to dismiss.

Accordingly, the Court grants Plaintiff leave to file an amended complaint. But the Court denies Plaintiff leave to file the amended complaint attached to its motion. Paragraph 2 of the proposed amended complaint improperly seeks to incorporate allegations from the original complaint.[21] Rule 10(c) of the Federal Rules of Civil Procedure permits adoption by reference in some circumstances.[22] But a "later pleading must adopt specific portions or all of the earlier pleading 'with a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation.'"[23] Moreover, because "an amended complaint ordinarily supersedes the original and renders it of no legal effect,"[24] an amended complaint must directly and specifically reference or incorporate the prior complaint or portions thereof pursuant to Rule 10(c) to have the original complaint retain any legal effect.[25] Proposed paragraph 2 neither adopts all of the original complaint nor adopts specific portions of it. The paragraph is not sufficiently specific to satisfy Rule 10(c). The adoption by reference leaves one to speculate about what is being adopted.

Furthermore, even if a proposed amended complaint has the necessary specificity to satisfy Rule

---

[21] The proposed amended paragraph 2 states: "Plaintiffs assert all allegations contained in the original complaint (petition) not inconsistent with this amendment as if fully recited herein."

[22] Rule 10(c) states: "A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

[23] *U.S. Fid. & Guarantee Co. v. U.S. Sports Specialty Ass'n*, No. 07-CV-996 TS, 2012 WL 2403530, at *1 (D. Utah June 25, 2012) (quoting *Gen. Accident Ins. Co. of Am. v. Fid. & Deposit Co. of Md.*, 598 F. Supp. 1223, 1229 (E.D. Pa. 1984)).

[24] *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (citation omitted).

[25] *See Heineman v. United States*, No. 06-4086-SAC, 2006 WL 3512949, at *2 (D. Kan. Nov. 16, 2006).

10(c) and the cases interpreting it, the practice of incorporating or adopting by reference statements from a pleading to be amended usually creates unnecessary confusion and burdens the Court and the other parties with trying to piece together claims or defenses from separate pleadings. The better practice is to file an amended pleading that is complete standing alone without reference to or adoption of prior filings. In this age of word processing, such practice is relatively simple and straightforward. The filing of a stand-alone amended complaint avoids any potential confusion in filing a response or determining claims or defenses. Given the typical ease by which a party may reproduce the contents of an original pleading within an amended filing, the Court may properly require the filing of a stand-alone amended complaint when exercising its broad discretion to grant leave to file an amended complaint under Fed. R. Civ. P. 15(a)(2). The discretionary permission to adopt by reference provided by Rule 10(c) does not restrict the Court's discretion under Rule 15(a)(2). Nothing before the Court suggests that it would be burdensome for Plaintiff to file a stand-alone amended complaint instead of one that partially or fully adopts the prior pleading.[26]

For the foregoing reasons the Court grants Plaintiff leave to file an amended complaint as the motion requests, but denies leave to file the specific pleading attached to its motion. Within seven days of the date of this Memorandum and Order, Plaintiff may file a stand-alone amended complaint that does not adopt or incorporate matters set out in the original complaint and which otherwise comports with this order. The amended complaint may contain only the allegations of the original complaint and those contained in the proposed amendment. The motion is otherwise denied.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 12th day of July, 2012.**

                                          **S/Gerald L. Rushfelt**
                                          **Gerald L. Rushfelt**
                                          **U.S. Magistrate Judge**

---

[26]Notably, the original complaint in this case is barely over three pages in length. Even without word-processing capabilities, Plaintiff could copy it entirely without much additional burden.