## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

QUALITY TIME, INC., et al.,
                    **Plaintiffs,**

v.                                                    **Case No. 12-1008-JTM-GLR**

**WEST BEND MUTUAL INSURANCE
COMPANY,**
                    **Defendant.**

### MEMORANDUM AND ORDER

Before the Court is Defendant West Bend Mutual Insurance Company's Motion for Clarifi-

cation and/or Reconsideration (ECF No. 108).  Defendant thereby seeks clarification or recon-

sideration of a Memorandum and Order (ECF No. 101) that addressed a Motion to Compel (ECF

No. 67), filed by Plaintiffs.  For the reasons set out below, the Court grants the motion.

**I.        Nature of the Matter Before the Court**

The Court issued its Memorandum and Order on November 13, 2012.[1]  To comply with the

fourteen-day deadline for seeking reconsideration of that order,[2] Defendant filed its motion on

November 27, 2012.[3]  The motion seeks to clarify (1) whether court-ordered production of internal

emails 1 through 9 listed on Defendant's first privilege log ("Privilege Log")[4] also requires

production of attached external emails or legal memoranda that are privileged and not responsive

to any request for production and (2) whether the Court ordered production of entries of its Claim

---

[1]*See* Mem. & Order at 24.

[2]*See* D. Kan. Rule 7.3(b).

[3]*See* Mem. Supp. at 2 n.1.

[4]*See* ECF Nos. 67-1 and 73-10.

Log, created after litigation commenced on December 15, 2011.[5]  And if the Court ordered Defendant to produce such items, it seeks reconsideration of that order.[6]  When Defendant filed the motion, it was unclear whether Plaintiffs would agree to any of the matters raised.[7]  Plaintiffs have filed no response to the motion.  The motion is ripe for ruling.

## II.   Discussion

The Federal Rules of Civil Procedure do not provide for motions for reconsideration[8] or clarification.[9]  The Court, however, "has the inherent power to reconsider its interlocutory rulings" and should do so when "error is apparent."[10]  The District of Kansas, furthermore, has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings.  While the local rules provide no mechanism for motions for clarification,[11] the Court may apply Rule 7.3(b) to such motions.[12]  Pursuant to Rule 7.3(b), motions seeking reconsideration of a non-dispositive

---

[5]*See id.* at 2.  Through an affidavit of a Senior Claims Specialist, Defendant explains that it maintains a Claim Activity Log, generally referred to as a Claim Log, wherein agents for Defendant enter notes.  *See* Aff. Pulvermacher (ECF No. 109-4).  Defendant provided a redacted version of that log in response to the motion to compel.  *See* ECF No. 73-8.  It has provided a more recent, redacted version with its motion to reconsider.  *See* Ex. 14 (ECF 109-2).  Entries on the log commence on July 21, 2011, and continue through July 3, 2012.  *See id.*

[6]*See* Mem. Supp. at 2.

[7]*See id.* at 2 n.1.

[8]*Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

[9]*Weese v. Schukman,* 148 F.R.D. 279, 279 (D. Kan.1993).

[10]*Warren*, 507 F.3d at 1243.

[11]*See Sithon Mar. Co. v. Holiday Mansion*, No. 96-2262-EEO, 1998 WL 910222, at *1 (D. Kan. Dec. 21, 1998).

[12]*See Rider v. Caterpillar Tractor Co.*, No. 86-2381-S, 1989 WL 59443, at *1 (D. Kan. May 15, 1989) (applying former version of the rule to a motion for clarification).

order must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."  Whether to grant or deny reconsideration lies within the Court's sound discretion.[13]  The movant has the burden to show an adequate reason to reconsider the prior order of the Court.[14]

In this case Plaintiffs have not opposed the motion for clarification/reconsideration.  In accordance with D. Kan. Rule 7.4, a failure to oppose a motion ordinarily results in the Court granting the motion as uncontested without further notice.  But given the mandatory nature of Rule 7.3(b) and the burden placed on the movant, a party moving for reconsideration must show an adequate reason for reconsideration even when the motion is unopposed.  This burden, however, is naturally easier to carry when there is no opposition to stated facts, etc.  Because the issues raised in the motion involve attorney-client privilege or work product protection, the lack of opposition to the motion effectively concedes the applicability of that privilege and the work product doctrine to the documents and information sought to be redacted upon reconsideration.

A.      **External Emails and Memoranda**

Defendant first seeks clarification/reconsideration as to whether it must produce external emails and memoranda when it produces internal emails 1 through 9, which forward external emails and memoranda or include them in an email chain.  It contends that the external documents are protected from discovery by the attorney-client privilege and are not responsive to any request for production.

With respect to external documents, the parties' positions concerning attorney-client privilege

---

[13]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 663 (D. Kan. 2004).

[14]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 193 F.R.D. 696, 697 (D. Kan. 2000).

has been less than clear since the original motion to compel.[15]  Because Plaintiffs stated that they were not seeking legitimately privileged information, the Court specifically did "not address documents omitted from the Privilege Log that were exchanged between counsel and client."[16]  It did, however, address whether internal emails listed on the Privilege Log were privileged, and found that Defendant had not carried its burden to show any privilege.[17]

To the extent the internal emails included privileged external emails or attachments – as part of an email chain or otherwise – Defendant should have more thoroughly addressed the issue of privilege in response to the motion to compel.  A motion to reconsider is not an opportunity to revisit issues already addressed, to bolster arguments already considered, or to assert facts or arguments that should have been presented in response to the underlying motion.[18]  Plaintiffs have nevertheless stated they do not seek legitimately privileged information through their motion to compel.  Nor have they disputed the contention that the external emails are privileged and not directly responsive to any request for production.  Accordingly, the Court finds adequate reason to permit Defendant to redact the privileged external emails and attachments from the production required by the Memorandum and Order of November 13, 2012.  A court may grant reconsideration when it misapprehends a party's position.[19]  The Court will not require production of the questioned items that are not responsive to the requests at issue and particularly when the parties seeking production agree they

---

[15]*See* Mem. & Order at 3 n.18.

[16]*See id.*

[17]*See id.* at 12-13.

[18]*Cotracom Commodity Trading Co.*, 193 F.R.D. at 697.

[19]*Id.*

do not seek such privileged information.

### B.    Claim Log

Defendant next seeks clarification/reconsideration as to whether it must produce entries of its Claim Log created after December 15, 2011.[20]  It contends those entries are protected as work product.[21]  In support, it points to the Court's discussion of emails 10 through 25, which Defendant listed on its Privilege Log when it withheld those emails from discovery.[22]  With respect to those emails, the Court stated:  "Once an insurance claim has been formally denied and litigation commenced, the purpose of further claim analysis regarding that claim and creation of emails regarding such analysis would certainly be for purposes of the litigation."[23]  Defendant also provides and relies on an affidavit from a claims specialist to support its claim of work product.[24]

In its Memorandum and Order the Court divided its discussion of work product into two parts: First it addressed generally whether Defendant had carried its burden to show all elements of work product.[25]  Second it addressed the specific internal emails identified in the Privilege Log.[26] With respect to items not listed on the Privilege Log, such as Defendant's Claim Log, the Court

---

[20]Mem. Supp. at 11-12.  As mentioned in a prior footnote, the phrase "Claim Log" is a shorthand way to describe a Claim Activity Log wherein agents for Defendant enter computerized notes.

[21]*Id.*

[22]*Id.* at 12-13.

[23]Mem. & Order at 21.

[24]*See* Mem. Supp. at 13-14; ECF No. 109-4.

[25]*See* Mem. & Order at 17-20.

[26]*See id.* at 20-21.

found that even for documents created after December 15, 2011, "Defendant has not carried its burden to show that withheld documents were created because of anticipated litigation."[27]

Defendant now seeks a finding that its Claim Log entries after December 15, 2011, are work product, based simply upon generic information it now provides about emails listed on its Privilege Log. If the emails were related to claims analysis, as the Privilege Log suggests, it does not necessarily follow that entries on the Claim Log were also related to such analysis. The information provided by Defendant does not justify that broad a sweep. All sorts of information could be recorded on the Claim Log. Defendant had the burden to show the applicability of work product to whatever it proposes to exclude from production. With respect to its Claim Log, it failed to carry that burden. It cannot rely on information unrelated to the Claim Log to support finding that entries of that log should be protected as work product.

Defendant also now seeks to bolster its claim of work product with an affidavit from a claims specialist. But it had adequate opportunity to carry its burden to show work product when it responded to the motion to compel. It cannot now correct the deficiencies in its briefing through a motion for clarification or reconsideration. The Court did not misapprehend any party's position with respect to the Claim Log that Defendant omitted from its Privilege Log. Defendant simply did not carry its burden to show any portion of the Claim Log should be protected as work product.

Nevertheless, as the Court recognized in its Memorandum and Order, Plaintiffs specifically stated their motion did not seek production of documents that are legitimately protected as work

---

[27] *See id.* at 19-20.

product.[28]   Without opposing the instant motion, Plaintiffs have essentially conceded that the entries

of the Claim Log created after December 15, 2011, are protectable as work product and that they do

not seek such entries.   Accordingly, the Court finds that it would be manifestly unjust to require

production of those entries under these circumstances.   Consistent with the original Memorandum

and Order, as modified herein, Defendant may produce a redacted Claim Log that adequately

identifies whatever entries it claims to be protected by work product or attorney-client privilege.

For the foregoing reasons, the Court grants Defendant West Bend Mutual Insurance

Company's Motion for Clarification and/or Reconsideration (ECF No. 108).   Plaintiffs have not

responded to the motion, and have thus conceded that certain documents subject to production

through the Memorandum and Order dated November 13, 2012, are protectable as privileged or work

product.   That concession in conjunction with the fact that the original motion to compel indicated

that Plaintiffs do not seek production of information that is legitimately protected by the attorney-

client privilege or work-product doctrine warrants reconsideration and a limited modification of the

Memorandum and Order.   The Court hereby modifies the Memorandum and Order to permit

Defendant to produce a redacted Claim Log and redacted internal emails as set out herein.   Within

twenty days from the date of this order Defendant shall (1) complete the production and redaction

that the Court has ordered, (2) serve an amended log of withheld documents that fully complies with

Fed. R. Civ. P. 26(b)(5), and (3) file and serve a certificate that Defendant has fully complied with

this Memorandum and Order and the one entered November 13, 2012.

---

[28]*See id.* at 3 n.18.   Although Plaintiffs made that statement in the section of their brief addressing the internal emails listed on Defendant's Privilege Log, *see* ECF No. 68 at 6, it could be read more broadly to include the Claim Log not included on the Privilege Log.   Given the lack of opposition to the motion to reconsider, the broad reading appears appropriate.

7

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 26th day of December, 2012.**


S/Gerald L. Rushfelt
**Gerald L. Rushfelt**
**United States Magistrate Judge**

8