IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

QUALITY TIME, INC., et al.,

          **Plaintiffs,**

v.                                                              Case No. 12-1008-JTM

WEST BEND MUTUAL INSURANCE
COMPANY,

          **Defendant.**

## MEMORANDUM AND ORDER

By Order Referring Motion (ECF No. 127), the District Judge referred to the undersigned Magistrate Judge a Motion to Reconsider (ECF No. 122), filed by Plaintiffs on December 27, 2012. Plaintiffs thereby seek reconsideration of the Court's order (ECF No. 120) that found Plaintiffs' Motion to Strike/Dismiss Defendant's Fraud Affirmative Defenses (ECF No. 97) moot. For the reasons set out below, the Court denies the motion.

**I.    Nature of the Matter Before the Court**

On November 7, 2012, the Plaintiffs filed their motion to strike/dismiss Defendant's affirmative defenses of fraud asserted in its answer (ECF No. 7).[1] The next week the Court held the final pretrial conference in this case. On November 19, 2012, Defendant filed its response to the

---

[1] *See* Mot. Strike/Dismiss at 1-2; Mem. Supp. (ECF No. 98) at 2-4 (specifically identifying the answer as "Dkt. 7"). Although titled as a motion to strike/dismiss, the motion clearly reflects that it was brought pursuant to Fed. R. Civ. P. 12(f) for an alleged failure of Defendant to comply with the requirement of Fed. R. Civ. P. 9(b) that parties must plead allegations of fraud with particularity. That the title includes "dismiss" does not transform the motion into any type of dispositive motion under Fed. R. Civ. P. 12(b). Similarly, that the supporting memorandum indicates that Plaintiffs seek to dismiss the affirmative defenses under Rule 9(b) does not change the fact that the motion is predicated on Rule 12(f). When read as a whole, the memorandum merely reveals that Plaintiffs consider struck defenses as being dismissed.

motion wherein it asserted among other things that the motion was untimely and should be moot upon the Court's entry of the pretrial order.[2]  The Court entered the Pretrial Order (ECF No. 111) on November 30, 2012.  On December 3, 2012, the deadline for Plaintiffs to file a reply to the November 19, 2012 response elapsed[3] without the filing of a reply brief.

On December 21, 2012, the Court found the motion to strike/dismiss moot because the Pretrial Order supercedes all prior pleadings and controls the subsequent course of this case.  The entry of that order rendered moot the motion to strike/dismiss affirmative defenses asserted in prior pleadings.

On December 27, 2012, Plaintiffs timely moved for reconsideration.[4]  They seek reconsideration on grounds that ¶ 9(i) of the Pretrial Order includes their motion to strike as a legal issue and ¶ 15(a)(4) of the Pretrial Order lists their motion as a pending motion.[5]  They thus argue that their motion "was clearly preserved for decision in the Pretrial Order", the motion is not moot, and "[r]econsideration is necessary to correct clear error or prevent manifest injustice."[6]  In their supporting memorandum, they argue that the issues raised in their motion are not moot, because the federal courts strictly enforce compliance with Fed. R. Civ. P. 8(c) and 9(b), the failure of Defendant to comply with Rule 9(b) constitutes waiver, and including the fraud defenses in the pretrial order

---

[2]*See* Resp. Opp'n Mot. Reconsider (ECF No. 107) at 3-6.  Defendant argues that the motion is untimely under Fed. R. Civ. P. 12(f) whether the Court considers the motion as attacking its answer filed in January 2012 or its answer to the amended complaint filed in July 2012.  *Id.* at 3-4.

[3]*See* D. Kan. Rule 6.1(d) (setting fourteen-day deadline for filing reply brief).

[4]*See* D. Kan. Rule 7.3.

[5]*See* Mot. Reconsider at 1-2.

[6]*See id.* at 2.

does not change the result.[7]

Defendant responds that the Court correctly found the motion moot, but if the Court decides to reconsider its ruling, it should find the motion untimely and/or without merit as it argued in its response to motion to strike/dismiss.[8] Plaintiffs have filed no reply to Defendant's response. The motion to reconsider is ripe for ruling.

**II.    Discussion**

The Federal Rules of Civil Procedure do not provide for motions for reconsideration.[9] The Court, however, "has the inherent power to reconsider its interlocutory rulings" and should do so when "error is apparent."[10] The District of Kansas, furthermore, has promulgated a local rule, D. Kan. Rule 7.3(b), which addresses reconsideration of non-dispositive rulings. Pursuant to Rule 7.3(b), motions seeking reconsideration of a non-dispositive order must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." Whether to grant or deny reconsideration lies within the Court's sound discretion.[11] The movant has the burden to show an adequate reason to reconsider the prior order of the Court.[12]

Plaintiffs have not carried their burden to show a basis for reconsideration. They merely

---

[7]*See* Mem. Supp. (ECF No. 123) at 2-3.

[8]*See* Resp. Opp'n Mot. Reconsider at 2-3.

[9]*Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

[10]*Id.*

[11]*Sonnino v. Univ. of Kan. Hosp. Auth.*, 221 F.R.D. 661, 663 (D. Kan. 2004).

[12]*Cotracom Commodity Trading Co. v. Seaboard Corp.*, 193 F.R.D. 696, 697 (D. Kan. 2000).

assert an alleged need to correct clear error or prevent manifest injustice. The Court, however, committed no error in finding plaintiffs' prior motion moot. Plaintiffs sought to strike affirmative defenses from Defendant's answer. Striking those defenses from the answer became immaterial and moot once the Court entered the Pretrial Order, which supercedes all prior pleadings, including the answer to the amended complaint.[13] That Plaintiffs contend that the issues raised by its prior motion remain at issue does not change that fact. Nor does the inclusion of the sufficiency of the affirmative defense of misrepresentation and fraud as a legal issue in the Pretrial Order alter the Court's finding that the motion to strike/dismiss is moot. Listing the motion as pending in the Pretrial Order likewise provides no basis for altering the finding that the listed motion is moot. The Court correctly deemed the motion moot.

Plaintiffs, furthermore, identify no manifest injustice that will result should the Court deny their motion for reconsideration. For that reason alone, the Court finds that Plaintiffs have failed to carry their burden to show manifest injustice which warrants reconsideration. Plaintiffs, moreover, cannot reasonably argue that manifest injustice will result should the Court deny reconsideration. As argued by Defendant, Plaintiffs did not timely file their motion to strike/dismiss.[14] Had the Court not found the motion moot, it would have denied it on that basis. The untimeliness of the underlying

---

[13]Notably, the answer to the amended complaint also superceded the original answer, which Plaintiffs were purportedly challenging. Because Defendant did not oppose the motion to strike on that basis, the Court likewise considered the motion to be seeking to strike defenses asserted in the later-filed answer to the amended complaint.

[14]*See* Fed. R. Civ. P. 12(f) (setting deadline of twenty-one days after being served with a pleading, if a response to the pleading is not allowed). The Court has not ordered Plaintiffs to file a reply to the answer. Without Court approval, a plaintiff cannot file such a reply. *See* Fed. R. Civ. P. 7(a)(7). Accordingly, Plaintiffs had twenty-one days from the date Defendant filed its answer to the amended complaint on July 31, 2012, to file a motion to strike. But Plaintiffs did not file their motion to strike until November 7, 2012.

motion precludes any finding of manifest injustice upon the instant motion to reconsider.

For the foregoing reasons, the Court denies the Motion to Reconsider (ECF No. 122) filed by Plaintiffs on December 27, 2012.

**IT IS SO ORDERED.**

**Dated in Kansas City, Kansas on this 23rd day of January, 2013.**

<u>S/Gerald L. Rushfelt</u>
**Gerald L. Rushfelt**
**United States Magistrate Judge**
